COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
          Willis, Elder, Bray, Fitzpatrick and Overton
Argued at Richmond, Virginia


SCOTT ALLEN CHARLES
                                              OPINION BY
v.        Record No. 2180-94-2        JUDGE LARRY G. ELDER
                                       SEPTEMBER 10, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF AMELIA COUNTY
                     Thomas V. Warren, Judge

          G. Barton Chucker (Chucker & Reibach, on
          brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Scott Allen Charles (appellant) appeals his conviction for

operating a motor vehicle after illegally consuming alcohol under

the age of twenty-one, in violation of Code § 18.2-266.1.

Appellant contends:  (1) the trial court erred in finding that

his blood alcohol test, administered one hour after his arrest,

established a presumption of his blood alcohol content when he

was operating his motor vehicle; (2) the trial court improperly

denied his proffer of evidence meant to explain why he performed

poorly on field sobriety tests; and (3) the General Assembly's

use of the words "illegally consuming alcohol" in Code

§ 18.2-266.1(A) required the Commonwealth to prove the source of

the alcohol he consumed.  Because the trial court committed no

error, we affirm appellant's conviction.

FACTS

On July 23, 1994, at 2:14 a.m., Deputy W. P. Jones of the Amelia County Sheriff's Office stopped a vehicle driven by appellant.  The stop occurred at an administrative roadblock. Appellant admitted that he had consumed two beers and was under age twenty-one.  Appellant did not state when he had consumed the alcohol or disclose the source of the alcohol he had obtained. Jones arrested appellant for operating a motor vehicle after illegally consuming alcohol under age twenty-one.  Appellant did not pass the field sobriety tests administered by Jones.  At least one hour after being arrested, appellant underwent a blood alcohol test.  The Commonwealth introduced the certificate of analysis, which showed that appellant's blood alcohol level registered at .02 percent at the time the test was administered.

Appellant was tried in the Circuit Court of Amelia County on October 5, 1994, for violating Code § 18.2-266.1.  Appellant argued that the Commonwealth had to introduce evidence that his blood alcohol level was .02 percent at the time he operated his vehicle.  The trial court rejected this argument.  The trial court also refused to allow appellant to proffer evidence as to why he failed his field sobriety tests, reasoning that such evidence was irrelevant in light of the statutory language.  The trial court also ruled that the Commonwealth did not need to prove that the alcohol was consumed illegally.  The trial court

found appellant guilty as charged.

## II.

### PRESUMPTION OF ALCOHOL CONCENTRATION

Appellant argues that the trial court erred in applying a presumption that his blood alcohol level one hour after operating the vehicle was the same as when he operated the vehicle. We disagree.

Neither this Court nor the Supreme Court has addressed the issue of whether Code § 18.2-266.1 creates a rebuttable presumption that a defendant's blood alcohol content while driving was the same as indicated by the results of a subsequently administered test. However, based on Davis v. Commonwealth, 8 Va. App. 291, 381 S.E.2d 11 (1989), and its progeny, we hold that Code § 18.2-266.1 creates such a presumption. Code §§ 18.2-266.1[1] and 18.2-266(i),[2] which contain

---

[1] Code § 18.2-266.1(A) states:

> It shall be unlawful for any person under the age of twenty-one to operate any motor vehicle after illegally consuming alcohol. Any such person with a blood alcohol concentration of 0.02 percent or more by weight by volume or 0.02 grams or more per 210 liters of breath but less than 0.08 by weight by volume or less than 0.08 grams per 210 liters of breath as indicated by a chemical test administered as provided in this article shall be in violation of this section.

[2] Code § 18.2-266 states "[i]t shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more . . . ."

similar language, each make it "unlawful" for a driver to operate a motor vehicle while the driver's blood alcohol content is at or above a certain level. In <u>Davis</u>, this Court held that Code § 18.2-266(i) creates a rebuttable presumption "that the blood alcohol concentration while driving was the same as indicated by the results of the subsequent test." 8 Va. App. at 300, 381 S.E.2d at 16. <u>See also</u> <u>Lemond v. Commonwealth</u>, 19 Va. App. 687, 692, 454 S.E.2d 31, 34 (1995); <u>Kehl v. Commonwealth</u>, 15 Va. App. 602, 605, 426 S.E.2d 127, 129 (1993). We hold that this logic applies with equal force to Code § 18.2-266.1.[3]

### III.

### PROFFER OF EVIDENCE

As this Court has stated in cases involving prosecutions under Code § 18.2-266(i), a defendant may rebut the presumption that the blood alcohol concentration measurement accurately reflected the defendant's blood alcohol concentration at the time of driving. <u>Commonwealth v. Ayers</u>, 17 Va. App. 401, 404, 437 S.E.2d 580, 582 (1993); <u>Lemond</u>, 19 Va. App. at 693, 454 S.E.2d at

---

[3] Appellant also contends that Code § 18.2-269, entitled, "Presumptions from alcohol content of blood," applies to Code § 18.2-266(ii) but does not apply to Code § 18.2-266.1. While this assertion is accurate, it does not affect the issue at hand. Code § 18.2-266(ii) punishes offenders who drive under the influence of alcohol and utilizes Code § 18.2-269's presumptions to prove intoxication. In contrast, Code § 18.2-266.1 does not concern itself with offenders who drive under the influence. Instead, Code § 18.2-266.1 punishes offenders whose blood alcohol content measures between .02 and .08 percent. Therefore, we hold that Code § 18.2-269's presumptions are irrelevant to proving a violation of Code § 18.2-266.1.

Thus, in cases involving prosecutions under Code § 18.2-266.1, "[a] defendant . . . may introduce evidence to show that, despite his blood alcohol concentration of at least 0.10 percent on a subsequently administered test, his blood alcohol concentration at the time of driving was less than 0.10 percent." Ayers, 17 Va. App. at 404, 437 S.E.2d at 582. A defendant "may challenge the test results by competent evidence, such as, for example, that he had not consumed enough alcohol in the relevant time to reach the level indicated by the chemical test results." Davis, 8 Va. App. at 300, 381 S.E.2d at 16. However, evidence tending to prove that the defendant was not under the influence, such as adequate performance on field sobriety tests, is irrelevant and inadmissible. Id. In this case, therefore, the trial court did not err in refusing to allow appellant to explain his physical condition and his poor performance on the field sobriety tests.

IV.

PROOF OF "ILLEGAL CONSUMPTION"

For the reasons stated in Mejia v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1996) (en banc), we hold that the trial court did not err in denying appellant's motion to strike the evidence, which was grounded on the Commonwealth's failure to prove that his consumption of alcohol was illegal.

Based on the foregoing, we affirm appellant's conviction.

Affirmed.

-5-

Benton, J., dissenting.

For the reasons stated in my dissent to <u>Davis v. Commonwealth</u>, 8 Va. App. 291, 381 S.E.2d 11 (1989), I would hold that Code § 18.2-266.1 does not create a presumption "that the blood alcohol concentration while driving was the same as indicated by the results of the subsequent test." 8 Va. App. at 300, 381 S.E.2d at 16. Until the General Assembly enacts a rebuttable presumption for Code § 18.2-266.1, "I find nothing in either the text or logic of [Code § 18.2-266.1] that leads me to conclude the General Assembly intended anything other than that guilt would be proved beyond a reasonable doubt according to the normal processes of human reasoning and experience." <u>Id.</u> at 303, 381 S.E.2d at 17-18 (Benton, J., dissenting).

Because I do not believe Code § 18.2-266.1 creates a rebuttable presumption, I would find the trial judge erred in barring evidence of Charles' physical condition and performance on field sobriety tests. The Commonwealth administered the breathalyzer test an hour after the officer stopped Charles. During this one hour period, the level of Charles' intoxication may have fluctuated. Evidence of his physical condition at the time of the stop was probative of whether he operated the vehicle when his breath contained .02 grams or more of alcohol per 210 liters of breath. Where the statute bars a person from operating a vehicle with a certain bodily alcohol content and the test is not performed until after that person ceases to operate the

-6-

vehicle, then evidence of the driver's physical condition may be probative of the driver's level of intoxication when operating the vehicle.  Thus, I would also hold that the trial judge erred in refusing to admit the evidence of Charles' physical condition.  The statute does not create a rebuttable presumption regarding the scientifically measured alcohol level.

I dissent from Part IV for the reasons stated in my dissent to Mejia v. Commonwealth, ___ Va. App. ___, ___ S.E.2d (1996)(en banc).  Code § 18.2-266.1(A) requires the Commonwealth to prove the accused "illegally consum[ed] alcohol."  The Commonwealth introduced no evidence concerning the circumstances of Charles' consumption of alcohol.  Therefore, the evidence was insufficient to support a conviction.

Accordingly, I would reverse Charles' conviction.