BENTON, Judge,
dissenting.
For the reasons stated in my dissent to Davis v. Commonwealth, 8 Va.App. 291, 381 S.E.2d 11 (1989), I would hold that *166 Code § 18.2-266.1 does not create a presumption “that the blood alcohol concentration while driving was the same as indicated by the results of the subsequent test.” 8 Va.App. at 300, 381 S.E.2d at 16. Until the General Assembly enacts a rebuttable presumption for Code § 18.2-266.1, “I find nothing in either the text or logic of [Code § 18.2-266.1] that leads me to conclude the General Assembly intended anything other than that guilt would be proved beyond a reasonable doubt according to the normal processes of human reasoning and experience.” Id. at 303, 381 S.E.2d at 17-18 (Benton, J., dissenting).
Because I do not believe Code § 18.2-266.1 creates a rebut-table presumption, I would find the trial judge erred in barring evidence of Charles’ physical condition and performance on field sobriety tests. The Commonwealth administered the breathalyzer test an hour after the officer stopped Charles. During this one hour period, the level of Charles’ intoxication may have fluctuated. Evidence of his physical condition at the time of the stop was probative of whether he operated the vehicle when his breath contained .02 grams or more of alcohol per 210 liters of breath. Where the statute bars a person from operating a vehicle with a certain bodily alcohol content and the test is not performed until after that person ceases to operate the vehicle, then evidence of the driver’s physical condition may be probative of the driver’s level of intoxication when operating the vehicle. Thus, I would also hold that the trial judge erred in refusing to admit the evidence of Charles’ physical condition. The statute does not create a rebuttable presumption regarding the scientifically measured alcohol level.
I dissent from Part IV for the reasons stated in my dissent to Mejia v. Commonwealth, 23 Va.App. 173, 474 S.E.2d 866 (1996) (en banc). Code § 18.2-266.1(A) requires the Commonwealth to prove the accused “illegally consumed] alcohol.” The Commonwealth introduced no evidence concerning the *167 circumstances of Charles’ consumption of alcohol. Therefore, the evidence was insufficient to support a conviction.
Accordingly, I would reverse Charles’ conviction.