WILLIS, Judge.
On appeal from his conviction of operating a motor vehicle after illegally consuming alcohol, in violation of Code § 18.2-266.1(A), Jacinto Mejia contends that the trial court erred in denying his motion to strike the evidence, which was grounded on the Commonwealth’s alleged failure to prove that his consumption of alcohol was illegal. We find no error and affirm the judgment of the trial court.
On November 27, 1994, a Fairfax police officer stopped an automobile being operated by Mejia, after the officer observed that the vehicle was speeding 50 mph in a 35 mph zone and was “frequently weaving across the double yellow line.” Approaching the vehicle, the officer “detected a moderate odor of alcohol.” At the officer’s direction, Mejia satisfactorily performed three field sobriety tests. A properly conducted breath alcohol analysis established that his breath alcohol content was 0.03 grams per 210 liters of breath. Mejia was less than twenty-one years of age.
At the conclusion of the Commonwealth’s evidence, Mejia moved to strike the evidence on the ground that the Commonwealth had failed to prove that his consumption of alcohol was illegal. The trial court denied the motion. Mejia rested without producing evidence and renewed the motion, which the trial court again denied.
Mejia contends that because Code § 18.2-266.1(A) proscribes the operation of a motor vehicle by a person under the age of twenty-one “after illegally consuming alcohol,” the *176 legislature intended to make the illegality of the subject operator’s alcohol consumption an express element of the offense. He argues that because the Commonwealth failed to .prove that his consumption of alcohol had been illegal, the Commonwealth thereby failed to prove an element of the offense charged, rendering the proof insufficient to support his conviction.
The Commonwealth contends that the word “illegally” is mere surplusage which, if read to impose a required element of proof, would frustrate the legislature’s plain intent and would produce inconsistent and often absurd results. The Commonwealth argues that the word “illegally” should be construed to describe the general illegality of the conduct proscribed by the statute.
We find neither position persuasive.
Well established “principles of statutory construction require us to ascertain and give effect to the legislative intent.” Branch v. Commonwealth, 14 Va.App. 836, 839, 419 S.E.2d 422, 424 (1992). “Where the language is plain and unambiguous, we are bound by the plain statement____” Commonwealth v. Meadows, 17 Va.App. 624, 626, 440 S.E.2d 154, 155 (1994). “[W]ords and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest.” Woolfolk v. Commonwealth, 18 Va.App. 840, 847, 447 S.E.2d 530, 534 (1994). “Criminal statutes are to be ‘strictly construed against the Commonwealth and in favor of [a] citizen’s liberty.’... A penal statute must be construed so as to proscribe only conduct which the legislature clearly intended to be within the statute’s ambit.” King v. Commonwealth, 6 Va.App. 351, 354-55, 368 S.E.2d 704, 706 (1988).
Brooks v. Commonwealth, 19 Va.App. 563, 566, 454 S.E.2d 3, 4-5 (1995). If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the *177 expressed legislative intent. See Cooper v. Occoquan Land Dev. Corp., 8 Va.App. 1, 6, 377 S.E.2d 631, 633 (1989).
“Illegally,” as used in the first sentence of Code § 18.2-266.1(A), plainly modifies “consuming alcohol.” Thus, the first sentence of the statute, the general definition of the offense, prohibits the operation of a motor vehicle by a person under the age of twenty-one who has illegally consumed alcohol. The illegality of the alcohol consumption is expressly made an element of the general definition of the offense. The wisdom of that inclusion is not for us to decide. Our task is to give effect to the legislature’s intent.
However, the second sentence of the statute must be read in conjunction with, and consistently with, the first. That sentence provides that “any such person” with a blood alcohol concentration of 0.02 grams or more per 210 liters of breath “shall be in violation of this section.” We construe “any such person” to mean “any person under the age of twenty-one.” Such a person who operates a motor vehicle while having the specified blood alcohol concentration is deemed by the provision of the second sentence to be in violation of the statute.
The Commonwealth argues that consumption of alcohol is a type of possession and that because possession of alcohol by a person less than twenty-one years of age is generally illegal, consumption of alcohol by such a person is correspondingly generally illegal. Mejia correctly observes that despite the general prohibition against possession and consumption, there exist circumstances under which possession and consumption of alcohol by a person less than twenty-one years of age may be legal. We perceive no need to catalog those circumstances in this opinion. However, we note that medicinal and sacramental possession and consumption of alcohol are examples.
We conclude that the offense defined by the first sentence of Code § 18.2-266.1(A) is proved if the Commonwealth proves that a person under the age of twenty-one years operates a motor vehicle after consuming alcohol, in any amount, and that the consumption was illegal. We construe the second sentence to provide the establishment of a prima *178 facie case upon proof that a person under twenty-one years of age operates a motor vehicle while having the prescribed level of blood alcohol concentration, casting upon the accused against whom such a prima facie case is established the burden of going forward with evidence raising a reasonable doubt as to the illegality of his alcohol consumption.
At the time of his arrest, Mejia was under twenty-one years of age and he operated a motor vehicle while having a blood alcohol concentration of 0.02 grams or more per 210 liters of breath. He produced no evidence suggesting that his consumption of alcohol had not been illegal. Thus, the prima facie case raised by the Commonwealth’s proof sufficiently supports Mejia’s conviction, and the trial court did not err in denying his motion to strike the evidence.
The judgment of the trial court is affirmed.

Affirmed.