COURT OF APPEALS OF VIRGINIA

Present:    Judges Clements, Kelsey and McClanahan
Argued at Alexandria, Virginia


PILAR L. MORIN

v.          Record No. 2200-06-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
BY JUDGE D. ARTHUR KELSEY
SEPTEMBER 18, 2007


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N.A. Kendrick, Judge

Gilbert K. Davis (Davis & Associates, LLC, on brief), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Convicted of drunk driving under Code § 18.2-266, Pilar L. Morin appeals on three

grounds. She challenges the sufficiency of the evidence, the alleged multifariousness of the

charge, and the constitutionality of rebuttable presumptions applied to prosecutions for driving

under the influence. Rejecting these challenges, we affirm Morin's conviction.

I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). Viewing the

evidence through this evidentiary prism requires us to "discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to

the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth,

221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the record shows that shortly after 2:00 a.m. Morin made a u-turn in her sport utility vehicle over a three-foot high median. Sparks sprayed out of the back of her vehicle as she came down on the other side. After observing Morin scale the median, a police officer gave chase with emergency lights and sirens activated. About five blocks later, Morin stopped her vehicle.

When questioned, Morin admitted to the officer she had been drinking that night and was on her way to another bar. The vehicle had not malfunctioned, Morin conceded, and she was not having any health or medication issues. The officer noticed that Morin smelled of alcohol. She had glassy, watery eyes and slurred speech. She claimed to have consumed less than five alcoholic drinks and expressed concern about being arrested for DUI because of its impact on her job as a school bus driver. The officer administered three field sobriety tests, each of which Morin failed to perform properly. The officer arrested Morin and offered her the opportunity to take a breath test. Morin agreed and gave a breath sample that yielded a breath alcohol concentration of .20 grams per 210 liters of breath.[1]

Consistent with the DUI statute, the arrest warrant charged Morin for violating "Section 18.2-266" and then set out the various theories of criminal liability under which she could be convicted. See generally Code § 18.2-266 ("A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v)."). The warrant stated Morin drove "while having a blood alcohol concentration of 0.08 percent or more . . . or 0.08 grams or more" per 210 liters of breath (corresponding to subsection (i) of § 18.2-266) or "while under the influence of alcohol" (corresponding to subsection (ii) of § 18.2-266) or while under the

_____

[1] Code § 18.2-266(i) prohibits driving with a blood alcohol concentration of "0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath."

- 2 -

influence of drugs or drugs combined with alcohol (corresponding to subsections (iii) and (iv) of § 18.2-266). The warrant further noted Morin's .20 blood alcohol concentration (BAC).[2]

The general district court found Morin guilty as charged and imposed the minimum mandatory sentence of five days in jail under Code § 18.2-270(A), applicable to convictions accompanied by a BAC of "at least 0.15, but not more than 0.20." Morin appealed to the circuit court and filed a motion to dismiss. Morin pointed out that the arrest warrant charged her with violating Code § 18.2-266 and repeated verbatim each subsection of the statute as alternative grounds for her alleged guilt. That disjunctive method, she asserted, made the warrant multifarious and required the court to dismiss the charge unless the prosecution elected one specific subsection under which to proceed. Morin also attacked the rebuttable presumptions applied by Code § 18.2-269 as an unconstitutional shifting of the burden of proof.

In addition to the arguments made in her written motion, Morin also asserted that the minimum mandatory sentence triggered by a finding of a .20 BAC constituted a "different element" governed by United States v. Booker, 543 U.S. 220 (2005) (distinguishing between "elements of a crime" and mere "sentencing factors" for purposes of the Sixth Amendment). In response to this new argument, the Commonwealth conceded the point, admitting: "we do have to prove all the elements of the DWI, .15 to .20, in order to have the sentencing enhancement."

---

[2] For purposes of this opinion, BAC will be used to describe both blood alcohol concentration, expressed as a percentage "by weight by volume," Code § 18.2-266, and breath alcohol concentration, measured in grams "per 210 liters of breath," id. See Code § 18.2-268.9 (acknowledging the validity of a "blood alcohol reading" obtained from equipment used to perform a "breath test"); Hall v. Commonwealth, 32 Va. App. 616, 631, 529 S.E.2d 829, 837 (2000) (*en banc*) (describing a "*blood* alcohol concentration" in terms of "grams per 210 liters of *breath*" (emphasis added)); see also United States v. Sauls, 981 F. Supp. 909, 924 (D. Md. 1997) ("In this [opinion], BAC is defined as either blood alcohol concentration, stated as grams per 100 milliliters of blood or as breath alcohol concentration, stated as grams per 210 liters of breath, and is reported without a '%' sign.").

But the Commonwealth distinguished Booker as "a totally different situation, because those were post-trial findings. This is a trial finding."

The court rejected Morin's various motions and tried the case to a jury. The arresting officer presented his testimony about Morin's intoxicated state at the time of her arrest. The officer also presented the certificate of analysis showing the .20 BAC finding from the breath test. After the Commonwealth rested, Morin called her husband and two friends to the stand who testified that Morin had been drinking light beer that night — but not very much. After they testified, Morin took the stand in her own defense. She testified that she, her husband, and her friends had been to various bars that night. She admitted drinking beer but denied ever being intoxicated.

Morin also presented expert testimony from a toxicologist about the tests employed by the Commonwealth to measure BAC. The toxicologist described the rate of absorption of alcohol in a person's blood and the effects of various variables such as body weight, age, size, food consumption, and the like. He added that timing was particularly important. While .03 BAC could be added by each bottle of light beer, the toxicologist estimated that .01 BAC would be eliminated in the blood over an hour's time.

The defense toxicologist concluded that a person of Morin's physical characteristics would have had a .06 BAC if she consumed less than five beers over the time frame described by Morin. He conceded his opinion was "based on the accuracy" of Morin's statements. For the BAC to be as high as .20, the toxicologist said, Morin would have had to consume about ten to eleven beers that night. He added that the breath test may have produced a false reading because of indigestion gas or other factors skewing the sampling procedure.

The court then addressed with counsel the subject of jury instructions. The prosecutor requested a finding instruction that took into account that the jurors could find the BAC "could

have been less than .20" but still not as low as the .06 figure hypothesized by the toxicologist. The prosecutor also asked that the instruction permit the jury to convict on either or both of the two relevant theories of liability under Code § 18.2-266 — a per se violation of subsection (i) due to driving with a BAC of .08 or more, or a violation of subsection (ii)'s prohibition of driving under the influence. The trial court agreed and incorporated both in the finding instruction. The court also gave another instruction defining "under the influence" to include an accused who "has drunk enough alcoholic beverages to so affect her manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation."

The last paragraph of the finding instruction included a specific factfinding task: "If you find the defendant guilty because she had a concentration of 0.08 grams or more of alcohol per 210 liters of breath, then you shall indicate whether you find that [her] concentration was: (1) 0.08 or greater, (2) at least 0.15 but less than 0.20 or (3) less than 0.15." Agreeing with the prosecutor, the court explained to Morin's counsel that this language allowed the jurors to find her guilty with "no mandatory minimum" sentence. See Code § 18.2-270(A) (imposing a 5-day mandatory minimum jail term for convictions accompanied by a ≥ .15 but ≤ .20 BAC and a 10-day term for BACs higher than .20). Neither Morin nor the prosecutor, however, asked the court to instruct the jury on the "rebuttable presumptions" that permit inferences of driving under the influence based upon certain BAC levels. See Code § 18.2-269.

During closing argument, the prosecutor repeated several times that the jury could find Morin guilty under either or both of the two proof regimes approved by Code § 18.2-266(i) and (ii). The verdict form did not distinguish between the two. The guilt option of the verdict form read: "We, the jury, find the Defendant Guilty of DWI, 1st as charged in the summons, with a Blood Alcohol Content of _____." During their deliberations, the jury questioned this. "Re: Verdict Sheet," the jurors asked, "[b]ased on a guilty verdict, is the jury required to assess a

blood alcohol level by choosing one of the three options in Instruction #4 paragraph #4 (1), (2), or (3) or can we find her guilty without selecting one of the options?" The court answered with an admonition to read the finding instruction carefully. The jury shortly thereafter returned with a verdict reading: "We, the Jury, find the Defendant Guilty of DWI, 1st as charged in the summons, with a Blood Alcohol Content of (3) less than .15." They added the underscored language by hand.

After the jury imposed punishment, Morin moved to set aside the verdict claiming it rested on insufficient evidence. The only believable BAC evidence, she asserted, was the toxicologist's estimate of a .06 BAC. Having rejected the .20 BAC presented by the Commonwealth, Morin's counsel reasoned, the jury had no choice but to accept the toxicologist's opinion and to acquit her of a subsection (i) violation for driving with a BAC of .08 or more. Alluding to subsection (ii), the court questioned counsel's reasoning: "Do you think this record supports the jury's verdict of driving under the influence?" "Yes," counsel answered, "I think it could support that verdict." "And that could be less than .15," the court noted, "[a]nd that's what they found." The court denied Morin's motion and entered final judgment.

II.

Morin appeals on three grounds. She first claims the jury acquitted her of driving under the influence (subsection (ii) of § 18.2-266) and limited its guilty finding solely to driving while having a BAC of .08 or higher (subsection (i) of § 18.2-266). With that limitation, the conviction could not stand because the jury had no choice but to accept the toxicologist's estimate of a maximum BAC of .06. Second, Morin renews her assertion that the arrest warrant

asserted multifarious charges grouped as a single charge under Code § 18.2-266.  Finally, Morin

attacks the constitutionality of the "rebuttable presumptions" adopted by Code § 18.2-269.

We find none of these arguments persuasive.

A.  THE EVIDENTIARY SUFFICIENCY OF A SUBSECTION (i) PER SE CONVICTION

Morin states her first question presented this way:  "Whether the trial evidence supported

the verdict of driving with a blood alcohol level range of .08 to less than .15?"  Appellant's Br. at

1.  She then goes on to answer that question with the assertion that the jury had but two options

with respect to the BAC evidence:  first, either to wholly accept the Commonwealth's evidence

of a .20 BAC, or, second, to wholly accept Morin's claim to have consumed less than five beers,

thereby placing her BAC below .08 (as her toxicologist testified).  What the jury did, Morin

claims, it could not do — and that is to find her guilty for a per se violation while simultaneously

determining her BAC to be "less than" .15.  We reject this argument as flawed both in its first

premise and in its application to the facts of this case.

To begin with, Morin assumes that the jury *acquitted* her of driving under the influence

under Code § 18.2-266(ii) and convicted her *only* of the per se offense of driving with a BAC

level of .08 or more under Code § 18.2-266(i).  We see no basis in the trial record for this

assumption.  The finding instruction permitted a conviction on either or both grounds.  A

separate definitional instruction spelled out the circumstances satisfying the subsection (ii)

standard for driving under the influence.  The prosecutor addressed each ground separately

during his closing argument and invited the jury to convict on both.  If the verdict form implies

anything, it suggests the jurors did just that.  Indeed, the verdict specifically stated they found

Morin guilty "as charged" in the summons.  The summons and arrest warrant charged Morin

with violating Code § 18.2-266 and did not limit itself to a per se theory of liability under

subsection (i).  A DUI verdict finding an accused guilty "as charged" in a warrant citing Code

§ 18.2-266 requires that we address on appeal "both subsection (i) and subsection (ii) of Code

§ 18.2-266." Yap v. Commonwealth, 49 Va. App. 622, 627 n.1, 643 S.E.2d 523, 525 n.1 (2007);

accord Code § 18.2-266 (providing that a "charge alleging a violation of this section shall

support a conviction under clauses (i), (ii), (iii), (iv), or (v)").

Nor do we accept Morin's assertion that the jury's specific factual finding of a BAC of

"less than" .15 constitutes an acquittal of subsection (ii)'s prohibition of driving under the

influence.[3]  It is true the finding instruction told the jurors that if it found her guilty "because" of

a BAC level of .08 or more, then they "shall" determine the BAC.  But that directive did not

preclude the jury from specifying the BAC after finding Morin guilty on *both* subsection (i) and

(ii) grounds.  To be sure, given the guilty "as charged" language, the most plausible reading of

the verdict is that the jury convicted Morin under both theories of criminal liability.

The context of the finding instruction also refutes Morin's argument.  As the trial judge

noted in his colloquy with counsel, the .15 and .20 BAC thresholds in the finding instruction do

not correspond to the evidentiary presumptions of Code § 18.2-269, which uses BAC thresholds

of .05 and .08 for purposes of inferring intoxication.  Code § 18.2-269(A) applies these

inferences to prosecutions for violations of "clause (ii), (iii) or (iv) of § 18.2-266" — but *not* to

violations of subsection (i).  See Davis v. Commonwealth, 8 Va. App. 291, 297-98, 381 S.E.2d

11, 14-15 (1989).  Nothing in the finding instruction implied that by making the specific BAC

---

[3] The jury's verdict form for the guilt phase of the trial finds Morin's BAC to be "less than .15."  The final judgment order likewise recites the jury's finding as "guilty as charged" with a BAC "less than .15."  The verdict form for the sentencing phase of the trial, however, recites the guilt findings as "at least .08 but less than .15."  Morin did not at trial, nor does she on appeal, object to the inconsistency between the final judgment order, which recites accurately the guilt verdict, and the prefatory language of the sentencing verdict, which does not.

determination the jurors *necessarily* were choosing to acquit Morin of driving under the influence and to convict her only of a per se violation.[4]

Perhaps, as Morin suggests, the jury "desired to show leniency," Appellant's Br. at 15, by finding her guilty but fixing her BAC below the .15 threshold despite the Commonwealth's evidence of a .20 BAC. We acknowledge this possibility. The finding instruction, after all, mentions the ≤ .15 and ≥ .20 BAC levels with no context whatsoever, thus leaving the jurors free to correctly suppose its relevance had nothing to do with guilt and everything to do with punishment.

We fail to see, however, how this speculation supports Morin's appellate request for exoneration. "Consistency in jury verdicts is not required." Gaines v. Commonwealth, 39 Va. App. 562, 570, 574 S.E.2d 775, 779 (2003) (citing Dunn v. United States, 284 U.S. 390, 394 (1932)). It is easy to see why this is so. Inconsistent jury verdicts "present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored." Id. (quoting United States v. Powell, 469 U.S. 57, 65 (1984)). Even if we were to accept Morin's assertion that the verdict "guilty as charged" was inconsistent with the jury's BAC finding, that ambiguity is far more tolerable than an unwarranted reversal of a conviction on the ground that the verdict arguably included an understandable, but logically inconsistent, emotive element of clemency.

In short, Morin's argument makes an assumption we are unwilling to accept — that the jury acquitted her of driving under the influence under Code § 18.2-266(ii), despite

---

[4] The only point of the .15 and .20 BAC thresholds, as the trial court noted, was to determine the appropriate mandatory minimum punishment under Code § 18.2-270(A). By making a finding of "less than" .15 BAC, the jurors were not applying the evidentiary presumptions of Code § 18.2-269. They had never been instructed on those presumptions. The trial judge offered Morin the opportunity to present an instruction on this topic; she decided against it.

overwhelming evidence of her guilt, and found her guilty *only* of the per se offense of driving with a BAC of .08 or more in violation of Code § 18.2-266(i). Morin was charged with violating both provisions; the jury was instructed on both theories of culpability; and the verdict found her guilty "as charged." The jury's BAC finding, requested by the trial court only for the purpose of determining the applicability of a mandatory minimum sentence, cannot fairly be construed as an acquittal of driving under the influence under Code § 18.2-266(ii).

Having rejected the assumption underlying Morin's argument, we similarly reject Morin's remaining challenge to the sufficiency of the evidence. In Virginia, the factfinding in a lower court receives "the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "As an appellate court, we are not permitted to reweigh the evidence." Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007). Presuming factual findings to be correct, we reverse "only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). This standard requires us to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004) (citation and footnote omitted; emphasis in original); see also Barnes v. Commonwealth, 47 Va. App. 105, 110, 622 S.E.2d 278, 280 (2005). Governed by this standard, we find the evidence amply supports the jury's verdict on both subsection (i) and (ii) theories of liability.

To convict under subsection (i), the jury was not required to make an election between wholly believing the Commonwealth's evidence of a .20 BAC or wholly believing the defense toxicologist's estimate of less than .08. The power to segregate evidence "into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper performance." Harper v. Commonwealth, 49

Va. App. 517, 523, 642 S.E.2d 779, 782 (2007); see also Goodman v. Commonwealth, 37 Va. App. 374, 386, 558 S.E.2d 555, 561 (2002) ("The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible.").

Consequently, a rational jury could have discounted the Commonwealth's evidence based upon the toxicologist's reservations about the reliability of the breath test. The jury could have similarly discounted the toxicologist's low-ball BAC estimate as naïvely reliant on the criminal defendant's self-serving claim that she drank no more than five beers that night. Between these two evidentiary poles, the jury could have concluded that the BAC exceeded .08 but was less than .15. The methodology employed by Morin's toxicologist provided a basis for reaching this conclusion. On this record, therefore, Morin's sufficiency challenge to a per se conviction under subsection (i) cannot succeed.

We come to the same conclusion about the evidence supporting Morin's guilt under subsection (ii). Her erratic driving over the three-foot high median on her way to another bar, her confession of drinking and driving, the smell of alcohol, her glassy, watery eyes and slurred speech, and her three failed field sobriety tests — these circumstances, taken together, eliminate any plausible challenge to the sufficiency of the evidence supporting Morin's guilt under Code § 18.2-266(ii). See, e.g., Cutright v. Commonwealth, 43 Va. App. 593, 598, 601 S.E.2d 1, 3 (2004) (holding an officer's observations of defendant's intoxication "moments after he stepped out of his car" was a sufficient evidentiary showing, even without BAC test results, to support a DUI conviction under Code § 18.2-266(ii)); Lemond v. Commonwealth, 19 Va. App. 687, 694, 454 S.E.2d 31, 35-36 (1995) (holding a defendant's admission that she consumed alcoholic beverages, coupled with her appearance and lack of coordination, is sufficient to support a conviction for driving under the influence of alcohol).

- 11 -

In short, we reject Morin's assertion that the jury acquitted her of driving under the influence in violation of subsection (ii) and limited its finding of guilt to a per se offense under subsection (i). Nothing in the charging instrument, closing arguments, finding instruction, or verdict form supports Morin's interpretation of the nature of her conviction. We similarly reject Morin's challenge to the sufficiency of the evidence. A rational jury can, and we think did, find Morin guilty under both subsection (i) and (ii) theories of criminal liability. And either, standing alone, is sufficient to support the validity of her conviction.

B. THE MULTIFARIOUSNESS OBJECTION

Morin argues that the arrest warrant (serving as the charging instrument) should have been dismissed because it charged her with more than one crime. Short of dismissal, Morin contends, the trial court should have forced the Commonwealth to elect before trial between the separate theories of liability recognized by subsections (i) and (ii) of Code § 18.2-266. By failing to do either, Morin concludes, the trial court's error "implicated federal and state constitutional rights concerning double jeopardy, and due process notice" principles. Appellant's Br. at 14.

Double jeopardy and due process are weighty topics, deserving of considerable analytical respect both by counsel and courts. Morin's appellate brief, however, cites no cases, statutes, treatises, or other informative legal sources addressing any aspect of her argument. Nor does she mention that the DUI statute itself states a "charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v)." Code § 18.2-266.[5]

---

[5] In this case, as in Cutright, the Commonwealth "charged [the defendant] with violating all four subsections of Code § 18.2-266. Even if it had not done so, the Commonwealth could rely on *any subsection* of Code § 18.2-266 in support of a charge asserting a violation of the statute generally." Cutright v. Commonwealth, 43 Va. App. 593, 597, 601 S.E.2d 1, 3 (2004) (emphasis added) (quoting Code § 18.2-266 stating a "charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii) *or* (iv)" (quote in parenthetical and emphasis in original))."

"Rule 5A:20(e) requires an appellant's brief to include, among other things, the 'principles of law, the argument, and the authorities relating to each question presented.'" McCallum v. Salazar, 49 Va. App. 51, 56 n.2, 636 S.E.2d 486, 488 n.2 (2006); see also Mason v. Commonwealth, 49 Va. App. 39, 46 n.2, 636 S.E.2d 480, 483 n.2 (2006). "Rule 5A:20(e) bars us from addressing any issues unsupported by authority." Klein v. Klein, 49 Va. App. 478, 482, 642 S.E.2d 313, 315 (2007). "By failing to cite any authority," Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (*en banc*), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007), Morin has forfeited her appellate opportunity to challenge her conviction on double jeopardy and due process grounds. See also Stokes v. Commonwealth, 49 Va. App. 401, 410, 641 S.E.2d 780, 784 (2007) (declining to address issue where appellant "cites no authority" for her position).

The rationale behind this principle rests on far firmer ground than mere procedural default principles. Practically speaking, for us to intelligently rule on Morin's unadorned double jeopardy and due process assertions, we would first need to frame the specific constitutional rights at stake, discern which lines of judicial authority (if any) support or refute her assertions, provide the Commonwealth with an opportunity to respond to those precedents (necessitating additional briefing because the Attorney General would not know which precedents we thought relevant until we informed him), and then decide upon the best possible answer to the best possible articulation of Morin's position. None of this can we do. "Suffice it to say, such an exercise of *sua sponte* judicial power would impermissibly place us in the role of advocate — far outside the boundaries of our traditional adjudicative duties." Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 59 (2005).

## C. THE REBUTTABLE PRESUMPTIONS OF CODE § 18.2-269

Morin challenges the constitutionality of the "rebuttable presumptions" employed by Code § 18.2-269. This argument fails at its inception because the jury was never instructed on these rebuttable presumptions and Code § 18.2-269(A), moreover, makes clear the presumptions do not apply to per se violations under Code § 18.2-266(i) — the only theory on which Morin claims to have been convicted. The presumption Morin misidentifies, but nonetheless means to target, is the implication inherent in Code § 18.2-266(i), which permits the factfinder to infer that the BAC level determined by a timely breath test accurately states the BAC level at the time of driving. See Davis, 8 Va. App. at 298, 381 S.E.2d at 315.[6] While sometimes called a "rebuttable presumption," the later-BAC-implies-prior-BAC principle underlying Code § 18.2-266(i) is no more than a permissible evidentiary inference that the factfinder may accept or reject. Yap v. Commonwealth, 49 Va. App. 622, 633, 643 S.E.2d 523, 528 (2007). Understood that way, the inference violates no constitutional norms. Id. at 633-37, 643 S.E.2d at 528-30 (applying permissible-inference interpretation to the unstated, but inherent, presumption stemming from Code § 18.2-266(i) as well as to the express statutory presumptions of Code § 18.2-269).

III.

Rejecting Morin's sufficiency, multifariousness, and constitutional challenges to her conviction under Code § 18.2-266, we affirm.

Affirmed.

---

[6] See also Charles v. Commonwealth, 23 Va. App. 161, 163-64, 474 S.E.2d 860, 861 (1996) (*en banc*); Lemond, 19 Va. App. at 692, 454 S.E.2d at 34; Kehl v. Commonwealth, 15 Va. App. 602, 605, 426 S.E.2d 127, 129 (1993).