COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


EDWARD YAP

                                                          OPINION BY
v.        Record No. 0903-06-4                   JUDGE ROBERT P. FRANK
                                                         APRIL 24, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

Corinne J. Magee (The Magee Law Firm, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


        Edward Yap, appellant, was convicted, in a bench trial, of driving under the influence, in

violation of Code § 18.2-266.[1]  On appeal, he contends:  (1) the trial court erred in denying his

motion to dismiss his indictment because the district court did not have good cause to grant the

Commonwealth's motion to *nolle prosse* his charge; (2) the presumption contained in

Code § 18.2-266, as interpreted by this Court in Davis v. Commonwealth, 8 Va. App. 291, 381

S.E.2d 11 (1989), violates the Due Process Clause of the Fourteenth Amendment to the United

States Constitution and Article I, section 8 of the Virginia Constitution; and (3) Code § 18.2-269

creates a mandatory presumption which unconstitutionally violates the Due Process Clause of the

Fourteenth Amendment to the United States Constitution and Article I, section 8 of the Virginia

Constitution.  For the reasons stated, we affirm the conviction.

_____

        [1] The trial court convicted appellant of "DWI-ALCOHOL, as charged in the warrant."
The warrant charged appellant with violating Code § 18.2-266.  Accordingly, we address the
constitutionality of both subsection (i) and subsection (ii) of Code § 18.2-266.

FACTS

On March 24, 2005 appellant was involved in a three-car accident. Police Officer E.B. Bork arrived at the scene at 10:08 p.m. Bork approached appellant and asked him to step out of his car. Bork noted a "medium odor of what appeared to be alcohol coming from [appellant's] mouth." Appellant told Bork he had earlier consumed two beers at a restaurant. Appellant also stated that he had nothing to drink since the time of the accident. Bork then asked appellant to accompany him to his police car so Bork could perform certain tests. After offering appellant a preliminary breath test, Bork placed appellant under arrest for driving under the influence at 11:07 p.m.

While in the officer's custody, appellant took a breath test at 12:43 a.m. that revealed appellant's blood alcohol level at 0.13. Appellant presented evidence through Alka Lohman, a toxicologist who is the Breath Alcohol Section Chief with the Virginia Department of Forensic Science, as to alcohol consumption and absorption rates.

## PROCEDURAL HISTORY

Appellant was charged on a warrant with driving under the influence of alcohol. Appellant's case was scheduled to be tried in the district court by a judge who, in other cases, had previously made rulings adverse to the Commonwealth pursuant to Francis v. Franklin, 471 U.S. 307 (1985). Based upon that ruling, the Commonwealth moved the court to *nolle prosse* appellant's charge so that the Commonwealth could seek a direct indictment against appellant and try him in the circuit court. The district court granted the Commonwealth's motion over appellant's objection that the Commonwealth failed to show good cause for allowing the Commonwealth to withdraw the charge.

Prior to trial on the indictment, appellant filed a motion *in limine* asking the trial court to dismiss the charge. He argued that Code §§ 18.2-266 and 18.2-269 unconstitutionally shift the

- 2 -

burden of proof from the Commonwealth to the accused. Appellant also filed a motion to remand requesting the trial court remand the case to the district court on the ground that the Commonwealth lacked good cause to have the charge *nolle prossed* in district court. The court denied both motions, heard the case on a plea of not guilty, and convicted appellant of driving under the influence of alcohol.

This appeal follows.

ANALYSIS

I. Commonwealth's Motion to *Nolle Prosse*

Appellant's question presented addresses the failure of the circuit court to dismiss the indictment.[2] He argues, however, that the district court erred in granting the Commonwealth's motion to *nolle prosse* his charge. Appellant cites no argument, citation or authority for his position that a circuit court has the power to review a district court's decision to grant a motion to *nolle prosse*. Appellant limits his argument only to the district court's granting of the Commonwealth's motion. Additionally, he presents no argument or authority that addresses the substantive issue of his first question presented, namely that the circuit court erred by not dismissing the indictment.

"Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). By failing to cite any authority in support of this argument in his opening brief, appellant has violated the provisions of Rule 5A:20(c). Epps v.

---

[2] Appellant's question presented is "Did the trial court err in denying defendant's motion to dismiss, based on the fact that the disagreement with a district court's ruling in an unrelated case does not constitute 'good cause' in support of a Commonwealth's motion to *nolle prosse*[?]."

Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (*en banc*), aff'd, ___ Va. ___, 641 S.E.2d 77 (Mar. 2, 2007). Therefore, we do not address the merits of these issues raised by appellant on appeal.

## II. Constitutional Challenges

Appellant contends that Code §§ 18.2-266 and 18.2-269 create mandatory presumptions that offend the Due Process Clause of the United States Constitution by impermissibly shifting the burden of proof to the accused.

We review arguments regarding the constitutionality of a statute *de novo*. Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005) (citing Wilby v. Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003)). When the constitutionality of a statute is challenged, we are guided by the principle that all acts of the General Assembly are presumed to be constitutional. Va. Society for Human Life v. Caldwell, 256 Va. 151, 156-57, 500 S.E.2d 814, 816 (1998). Therefore, "'a statute will be construed in such a manner as to avoid a constitutional question wherever this is possible.'" Yamaha Motor Corp. v. Quillian, 264 Va. 656, 665, 571 S.E.2d 122, 127 (2002) (quoting Eaton v. Davis, 176 Va. 330, 339, 10 S.E.2d 893, 897 (1940)).

We note from the outset that appellant asks us to facially review the constitutionality of Code §§ 18.2-266 and 18.2-269. Keeping in mind well-settled principles of judicial review, "we decline appellant[']s[] invitation to offer an advisory opinion on such 'hypothetical situations.'" Boyd v. County of Henrico, 42 Va. App. 495, 520, 592 S.E.2d 768, 780 (2004) (*en banc*) (citation omitted).

"[W]here a statute is constitutional as applied to a litigant, the litigant has no standing to challenge the statute on the ground that it may be unconstitutional on its face, that is, as applied to a third person in a hypothetical situation." Esper Bonding Co. v. Commonwealth, 222 Va. 595, 597, 283 S.E.2d 185, 186 (1981). As a general rule, "[a] party has standing to challenge the

constitutionality of a statute only insofar as it has an adverse impact on his own rights." County Court of Ulster County v. Allen, 442 U.S. 140, 154-55 (1979).

We conclude that appellant falls within the general rule that a party attacking the constitutionality of a statute must demonstrate that his own, rather than a third party's, rights are unconstitutionally infringed. Accordingly, appellant lacks standing to challenge facially the constitutionality of Code §§ 18.2-266 and 18.2-269. Thus, we consider the constitutionality of the statutes only as they apply to appellant in this case. See DePriest v. Commonwealth, 33 Va. App. 754, 761, 537 S.E.2d 1, 4 (2000) ("An individual may challenge the constitutionality of a law only as it applies to him or her.").

### A. Code § 18.2-266

Appellant contends that the language of Code § 18.2-266, as interpreted by this Court in Davis, creates a mandatory presumption because it shifts the burden of proof from the Commonwealth to the accused. We disagree.

To obtain a conviction for driving under the influence pursuant to Code § 18.2-266(i),[3] the Commonwealth must prove that the accused was operating a motor vehicle with a blood alcohol content of 0.08% or higher. Thus, the ultimate fact that the Commonwealth must prove is the alcohol content at the time of the driving. This Court has held that the statutory language of Code § 18.2-266(i) "provides the basis for a presumption that the blood alcohol concentration while driving was the same as indicated by the results of the subsequent test." Davis, 8 Va. App. at 300, 381 S.E.2d at 16. "Unless rebutted, however, the test results are sufficient to establish the

---

[3] Code § 18.2-266(i) provides:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article . . . .

blood alcohol concentration at the time of driving." Id. While we acknowledge that the words

"rebuttable presumption," as used by the Davis Court, raise a constitutional eyebrow, for the

reasons stated below we hold that the "presumption," as applied, does not offend constitutional

principles.

Inferences and presumptions are elemental ingredients of the fact-finding process. Ulster

County, 442 U.S. at 156. An inference or presumption permits a finder of fact to conclude the

existence of one fact from the proof of one or more other facts. Carter v. Hercules Powder Co.,

182 Va. 282, 292, 28 S.E.2d 736, 740 (1944).

Either a statute or the common law may give rise to an inference or a presumption. See

Barnes v. United States, 412 U.S. 837, 844 (1973). In either instance, such inferences or

presumptions must satisfy due process standards. Id. Although common law inferences present

fewer constitutional problems, the reasoning applicable to statutory inferences is equally

applicable to common law inferences. Id. at 845 n.8.

The Due Process Clause requires the prosecution to prove beyond a reasonable doubt

every element necessary to establish the crime charged. Victor v. Nebraska, 511 U.S. 1, 5

(1994). However, the Due Process Clause does not prohibit the use of a permissive inference as

a procedural device that shifts to a defendant the burden of producing some evidence contesting

a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of

proof beyond a reasonable doubt. Ulster County, 442 U.S. at 156.

In determining if a statute violates a defendant's due process rights, a court must consider

whether the instruction creates a mandatory presumption or merely a permissive inference.

Francis, 471 U.S. at 314.

> A mandatory presumption instructs the jury that it must infer the
> presumed fact if the State proves certain predicate facts. A
> permissive inference suggests to the jury a possible conclusion to
> be drawn if the state proves the predicate facts, but does not

- 6 -

require the jury to draw that conclusion . . . . Mandatory presumptions . . . violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense. A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved.

Id. at 314 (citations omitted). Thus, a permissive inference is one that allows, but does not require, the fact finder to infer a possible conclusion from the facts proven, while placing no burden upon the accused.

In Wilson v. Commonwealth, 225 Va. 33, 301 S.E.2d 1 (1983), the Virginia Supreme Court considered a constitutional challenge to two presumptions contained in Code § 29-144.2, a "spotlighting" statute. The code section in question provided, in part, that the flashing of a light or spotlight from a vehicle at certain times by an individual in possession of certain weapons "shall raise a presumption of an attempt to kill deer or elk in violation of this section. Every person in or on any such vehicle shall be deemed a principal in the second degree . . . . " Id. at 37, 301 S.E.2d at 2. The Court noted, "our general rule is to give rebuttable presumptions permissive or burden-of-production-shifting effect only." Id. at 41, 301 S.E.2d at 5 (citing Johnson v. Commonwealth, 188 Va. 848, 855, 51 S.E.2d 152, 155 (1949)). The Court further stated that when the trier of fact is instructed on the presumption of innocence and told that the Commonwealth must prove every element of the offense beyond a reasonable doubt, "the presumption of guilt is rebuttable and is to be analyzed as a permissive inference, even if it is construed to require the defendants to produce some evidence . . . ." Id. at 42, 301 S.E.2d at 5.

We conclude that Code § 18.2-266 does not establish a mandatory presumption but allows only a permissive inference that the fact finder is free to reject. See Dobson v. Commonwealth, 260 Va. 71, 74-75, 531 S.E.2d 569, 571 (2000) (holding that "the Due Process Clause does not prohibit the use of a permissive inference as a procedural device that shifts to a

defendant the burden of producing some evidence contesting a fact that may otherwise be inferred, provided that the prosecution retains the ultimate burden of proof beyond a reasonable doubt"). This general rule recognizes "a statute will be construed in such a manner as to avoid a constitutional question wherever this is possible." Eaton, 176 Va. at 339, 10 S.E.2d at 897.

As applied to appellant, it is clear from a reading of the record that the trial court properly treated Code § 18.2-266(i) as a permissive inference. Indeed, the court explicitly stated that it was interpreting Code § 18.2-266(i) as a permissive inference. Appellant presented evidence regarding this inference. Nowhere in the record is it suggested that the trial court relied exclusively on the presumption in finding appellant guilty. Thus, appellant's due process rights were not violated, as the trial court properly treated the provisions of Code § 18.2-266(i) as creating a permissive inference that did not shift the burden of persuasion to appellant.

Appellant argues that if the rebuttable presumptions contained in Code § 18.2-266 are permissive inferences, they are nevertheless unconstitutional because there is no natural and rational evidentiary relation between the fact proven and the ultimate fact presumed as required by United States v. Gainey, 380 U.S. 63 (1965). Despite the significance of appellant's argument, appellant failed to include the issue as to the constitutionality of permissive inferences in his question presented.[4] Appellant's question presented specifically attacks Davis in which this Court narrowly held that Code § 18.2-266(i) creates a rebuttable presumption. The reference to Davis does not preserve appellant's contention that no rational relationship exists between the alcohol content of appellant's blood at the time of testing and the alcohol content of appellant's blood at the time of the offense. Davis did not embody appellant's alternate position that

---

[4] Appellant's question presented asks "Does the presumption created by this Court in Davis v. Commonwealth, 8 Va. App. 291, 299, 381 S.E.2d 11, 15 (1989) violate the Due Process Clause of the Fifth and Fourteenth Amendments, as interpreted by Supreme Court precedent, and contravenes [sic] Article 1, § 8 of the Virginia Constitution?"

- 8 -

permissive inferences can also violate due process if there is no rational relationship between the facts proven and the ultimate fact presumed. Thus, we will not consider this argument on appeal. Rule 5A:20; Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding that "an issue [was] not *expressly* stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal" (emphasis added)).[5]

### B. Code § 18.2-269

Appellant next contends that the plain language of Code § 18.2-269 referencing "rebuttable presumptions" renders the statute unconstitutional. Appellant argues that for the same reasons set forth in his argument above, Code § 18.2-269 creates a mandatory rebuttable presumption that unconstitutionally shifts the burden of proof to the accused.[6]

---

[5] We find no reference in the record, nor could appellant point to any place in the record, where appellant preserved this issue below. Because appellant has defaulted this issue on other grounds, we need not include here a discussion of Rule 5A:18. ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . .").

[6] Code § 18.2-269 provides in relevant part:

> A. In any prosecution for a violation of § 18.2-36.1 or clause (ii), (iii) or (iv) of § 18.2-266, or any similar ordinance, the amount of alcohol or drugs in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcohol or drug content of his blood in accordance with the provisions of §§ 18.2-268.1 through 18.2-268.12 shall give rise to the following rebuttable presumptions:
>
>       \*     \*     \*     \*     \*     \*     \*
>
> (3) If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense . . . .

- 9 -

Appellant suggests that because Code § 18.2-269 uses the phrase "shall give rise to a rebuttable presumption" and specifically states "it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense," there is no need to resort to judicial interpretation or legislative history to interpret the meaning of the statute.

As stated above, statutes are to be interpreted to avoid a constitutional question whenever possible. Eaton, 176 Va. at 339, 10 S.E.2d at 897. Also, "it is a familiar rule of statutory construction that when a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each." Ainslie v. Inman, 265 Va. 347, 353, 577 S.E.2d 246, 249 (2003) (citing Kole v. City of Chesapeake, 247 Va. 51, 56, 439 S.E.2d 405, 408 (1994)). See also Lucy v. County of Albemarle, 258 Va. 118, 129, 516 S.E.2d 480, 485 (1999) (citations omitted) ("Statutes which have the same general or common purpose or are parts of the same general plan are also ordinarily considered as *in pari materia*.").

Pursuant to this rule, it is necessary to read and construe Code § 18.2-269 with Code § 18.2-268.10, which reads in pertinent part:

> In any trial for a violation of § 18.2-266, 18.2-266.1, or subsection B of § 18.2-272 or a similar ordinance, the admission of the blood or breath test results shall not limit the introduction of any other relevant evidence bearing upon any question at issue before the court, and the court shall, regardless of the result of any blood or breath tests, consider other relevant admissible evidence of the condition of the accused. If the test results indicate the presence of any drug other than alcohol, the test results shall be admissible, except in a prosecution under clause (v) of § 18.2-266, only if other competent evidence has been presented to relate the presence of the drug or drugs to the impairment of the accused's ability to drive or operate any motor vehicle, engine or train safely.

Clearly, the legislature envisioned the introduction of evidence in addition to the blood alcohol level. Code § 18.2-268.10(A) would be meaningless if Code § 18.2-269 created an unconstitutional presumption. "It is a well established rule of construction that a statute ought to

be interpreted in such a manner that it may have effect, and not found to be vain and elusive." Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 34, 366 S.E.2d 271, 273 (1988) (*en banc*) (quoting McFadden v. McNorton, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952)). "We must assume that the legislature did not intend to do a vain and useless thing." Williams v. Commonwealth, 190 Va. 280, 293, 56 S.E.2d 537, 543 (1949).

Applying these principles, we find that Code § 18.2-269 does not create a mandatory presumption, but allows a permissive inference that the fact finder is free to reject. Code § 18.2-269 simply shifts the burden of producing evidence, while the burden of proof remains with the Commonwealth.

It is equally clear from the record that the trial court followed the dictates of Code § 18.2-268.10(A) and considered the "rebuttable presumption" as a permissive inference. The trial court analyzed the statute as a permissive inference, noting that Code § 18.2-269 must be read to contain permissive inferences in order to satisfy due process requirements. The court concluded:

> I find that due process requires that [Code] § 18.2-269 be treated as creating a permissible inference, rather than as a mandatory rebuttable presumption, as that term is defined in Francis. I further find that such an interpretation of the statute is consistent with how the Supreme Court of Virginia has directed that rebuttable presumptions should be viewed. So construed, the statute is constitutional, both facially and as applied.

Thus, we find the trial court properly treated Code § 18.2-269 as creating a permissive inference.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not err in not remanding this case to the district court for resolution. We further find that the trial court did not interpret

Code §§ 18.2-266 and 18.2-269 as rebuttable presumptions.  As a result, appellant's conviction is affirmed.

Affirmed.
