COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Haley
Argued by teleconference


CLEVE EDWARD CURRY

                                         MEMORANDUM OPINION[*] BY
v.        Record No. 1747-07-3              JUDGE ROBERT P. FRANK
                                        MARCH 25, 2008
CONSOL ENERGY, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Karel Brown Ryan (Ryan Law Firm, PC, on brief), for appellant.

John R. Sigmond (Penn, Stuart & Eskridge, on brief), for appellee.


Cleve Curry, appellant/claimant, appeals a decision of the Workers' Compensation

Commission denying appellant's claim for benefits.  Appellant contends the commission erred

in:  1) finding claimant did not suffer a compensable injury; 2) rejecting the opinion of

claimant's treating physician in favor of the independent medical examiner; and 3) rejecting the

opinion of claimant's treating psychologist.  For the reasons stated, we affirm the commission.

ANALYSIS

On appeal from a decision of the Workers' Compensation Commission, the evidence and

all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577

S.E.2d 538, 539 (2003); Tomes v. James City Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315

(2002).  Also, "[w]e do not judge the credibility of witnesses or weigh the evidence on appeal."

Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985).  Rather, we are

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

bound by the commission's findings of fact as long as "there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved," Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original), even if there is evidence in the record that would support a contrary finding, Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

The first question we must consider is whether the evidence supports the commission's finding that claimant does not suffer from a compensable work injury, namely, post traumatic stress disorder (PTSD).

Claimant was employed by Consol Energy, Inc. as a maintenance foreman in the Buchanan Mine during the fall of 2004. On September 26, another Consol employee was fatally injured when he became caught in the conveyor belt line of a rock crusher tailpiece. Claimant did not witness the accident, but was told of the incident and arrived at the scene shortly after the accident occurred. Although the claimant did not directly supervise the decedent, claimant knew him through working at the mine and considered the decedent a friend. Claimant volunteered to assist with removing decedent's remains from the machine.

The claimant testified that approximately a month after the fatality he made an appointment to see his family physician, Dr. Kenneth W. Saul, for back pain. Dr. Saul eventually referred claimant to Dr. Kent Colburn at Tri-County Mental Health. On January 20, 2005, Dr. Colburn diagnosed claimant with acute PTSD, "major depressive disorder, single episode, severe without psychotic features," and chronic back pain. Dr. Colburn's notes from that date indicate that claimant "witnessed a tragic accident at work that resulted in the death of his friend/coworker." Dr. Colburn monitored claimant's medication and referred him to Shirley Verhey, Licensed Professional Clinical Counselor, for weekly therapy.

The claimant began treating with Verhey on November 22, and she diagnosed claimant with PTSD. On December 1, Verhey wrote that the claimant was experiencing severe anxiety and panic attacks, depression, flashbacks, nightmares, and loss of self-confidence.

At employer's request, Dr. Paul R. Kelley performed an independent medical examination (IME) on claimant in March 2005. After reviewing Dr. Saul's and Dr. Colburn's records, Dr. Kelley concluded that claimant did not suffer from PTSD or any other psychiatric disorder. Dr. Kelley further opined that claimant was malingering and exaggerating. In support of his findings, Dr. Kelley indicated that claimant had endorsed seven out of eight "L scenarios" that had been presented to him. Dr. Kelley explained that an "L scenario" is a description of a symptom provided to the examinee that is either rarely or never experienced by genuine psychiatric patients. He pointed out that "endorsement of an experience that is virtually never encountered in psychiatric practice is consistent with malingering." Dr. Kelley further noted that although claimant maintained he was depressed, claimant told several jokes and at times was laughing loudly during the examination.

At the hearing, the claimant stated that his initial encounter with Dr. Kelley was hostile. He testified that he arrived early at Dr. Kelley's office, knocked on the door, and tried to ask whether he was in the right place. The claimant believed that in response, Dr. Kelley mouthed a curse word. Dr. Kelley denied this occurred.

On March 28, 2005, Dr. Colburn wrote a letter refuting Dr. Kelley's IME report, incorporating by reference the diagnosis and treatment of claimant by Verhey.

The commission found:

> Dr. Colburn's diagnosis may be considered by the Commission; however, his opinion is flawed and not persuasive, because he incorrectly believed that the claimant witnessed the accident, incorrectly believed that he did not have a previous psychiatric condition, and did not know that he had received treatment for chronic pain since a 1994 motor vehicle accident and a 1998

mining accident. Dr. Kelley's report presented the only complete picture of the claimant's past and present status. Dr. Kelley reviewed all the medical documentation, as well as the claimant's deposition, and took a history from him at the time of the evaluation. He conducted the evaluation, and included a test for malingering and credibility. Dr. Kelley clearly explained the mechanics of the test and the reasons the claimant failed; thus, we find his opinion to be the most persuasive.

Appellant argues that the commission erred in rejecting the medical opinion of his treating physician and in accepting the report of the IME doctor who was prejudiced against claimant and examined claimant only once.

In evaluating medical evidence, the commission is entitled to give great weight to the treating physician's opinion. United Airlines, Inc. v. Sabol, 47 Va. App. 495, 501-02, 624 S.E.2d 692, 695 (2006). However, "[i]f there is any doubt in the treating physician's opinion, or if there is contrary expert medical opinion, 'the commission is free to adopt that which is most consistent with reason and justice.'" Id. (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 567 (1958)). "Whenever a physician's diagnosis flows from an assumption that rests upon a faulty premise, such as misinformation provided by a claimant, the commission may refuse, and often will be required to refuse, to attribute any weight to that opinion." Sneed v. Morengo, Inc., 19 Va. App. 199, 205, 450 S.E.2d 167, 171 (1994); see also Clinchfield Coal Co. v. Bowman, 229 Va. 249, 252, 329 S.E.2d 15, 16 (1985).

The commission did not err in discounting the opinion of Dr. Colburn, who erroneously based his opinion on the fact that claimant witnessed the accident. Additionally, Dr. Colburn was not aware of claimant's complete medical history, including a previous suicide attempt and complaints of depression on several occasions prior to the mine incident. On the other hand, the commission offered several reasons for accepting Dr. Kelly's IME over the reports of Dr. Colburn and Ms. Verhey, specifically finding that Dr. Kelley presented the only "complete picture of the claimant's past and present status."

- 4 -

Although the commission was presented with conflicting medical opinions, "the commission [is] free to decide which evidence was more credible and should be weighed more heavily." Thompson v. Brenco, Inc., 38 Va. App. 617, 624, 567 S.E.2d 580, 584 (2002). Here, the commission resolved the conflicting medical evidence in favor of the employer and concluded that Dr. Kelley's IME report was more persuasive. Dr. Kelley opined that claimant was a malingerer who exaggerated his symptoms and called his credibility as a patient into question. He based his findings on a four-hour examination of claimant and a complete review of claimant's records from Drs. Saul and Colburn. Based on this, the commission found that claimant does not suffer from PTDS as a result of the incident in the mine. We will not disturb that finding on appeal.

Claimant also contends that Dr. Kelley's evaluation is tainted due to an initial unpleasant encounter. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The commission was free to believe Dr. Kelley and to conclude that the initial encounter between the two gentlemen was not hostile and did not negatively impact Dr. Kelley's report.

Appellant next argues that the commission improperly rejected the findings of Shirley Verhey because she was not an expert witness. The commission concluded, "Verhey's opinion on causation cannot be considered, because she is a licensed clinical counselor with a master's degree in education in community counseling, does not hold a Ph.D. in clinical psychology, and only was offered as a fact witness, not an expert." We note that by letter dated March 29, 2005, Dr. Colburn "specifically incorporated" Verhey's diagnosis and treatment of claimant's PTSD into his March 28, 2005 opinion letter refuting Dr. Kelley's IME. Regardless of whether the commission accepted Verhey as a fact witness or an expert witness, the commission disregarded

her diagnosis when it rejected Dr. Colburn's opinion, which specifically incorporated her conclusions into his report. Thus, we find no merit to appellant's argument that the commission erroneously refused to consider Verhey's diagnosis of PTSD.

Upon our review, we cannot say the commission erred in accepting Dr. Kelley's opinion that claimant did not suffer from PTSD. The commission made factual findings based upon the medical reports, and the commission drew reasonable inferences from that evidence. We, therefore, affirm the decision.[1]

Affirmed.

---

[1] Appellant also argues that pursuant to Hercules, Inc. v. Gunther, 13 Va. App. 357, 412 S.E.2d 185 (1991), claimant's post traumatic stress disorder is compensable as an injury by accident caused by an obvious sudden shock or fright arising out of employment. The commission ruled, "the accident was over when the claimant arrived at the scene. [Claimant] was not part of the sudden, catastrophic event, and he knew that the accident was horrific before he arrived at the scene." Because we find credible evidence in the record to support the commission's alternate finding that claimant does not suffer from PTSD, the issue of causation is moot and we do not address it. See Yap v. Commonwealth, 49 Va. App. 622, 630, 643 S.E.2d 523, 526 (2007) ("Keeping in mind well-settled principles of judicial review, we decline . . . to offer an advisory opinion on . . . 'hypothetical situations.'" (quoting Boyd v. County of Henrico, 42 Va. App. 495, 520, 592 S.E.2d 768, 780 (2004) (*en banc*))).