COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges McCullough and Huff
Argued at Alexandria, Virginia


STEVEN MICHAEL SIMMONS
                                            MEMORANDUM OPINION[*] BY
v.      Record No. 0979-11-4                  JUDGE GLEN A. HUFF
                                                JUNE 19, 2012
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 Herman A. Whisenant, Jr., Judge Designate

          Mark D. Bailey, Assistant Public Defender (Office of the Public
          Defender, on brief), for appellant.

          Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


        Steven Michael Simmons ("appellant") appeals his conviction of driving under the

influence, third offense within ten years, in violation of Code § 18.2-266, and driving on a

suspended or revoked operator's license, in violation of Code § 46.2-391.  Following a bench

trial in the Circuit Court of Fauquier County ("trial court"), appellant was sentenced to five years

in prison with three years and ten months suspended and $1,000 fine on the driving under the

influence conviction, and to four years in prison with three years suspended on the driving on a

suspended license conviction.

        On appeal, appellant contends that the trial court erred in denying appellant's motion to

strike the evidence on the driving under the influence charge when the evidence failed to prove

that appellant was under the influence of alcohol while having a blood alcohol concentration of

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

0.08 grams or more per 210 liters of breath, as indicated by a chemical test at the time the vehicle was driven.  For the following reasons, this Court affirms appellant's convictions.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

At 8:00 p.m. on August 28, 2010, Officer Alexy Abdo ("Officer Abdo"), with the Town of Remington Police Department, began conducting a "checkpoint" with several other police officers.  Shortly after setting up the checkpoint, Officer Abdo observed a silver Toyota approach the checkpoint, stop at a stop sign approximately thirty-five to forty-five yards away, "reverse[] rapidly, squealing its tires backing in the gravel lot," and take off down the road.  Upon witnessing these events, Officer Abdo immediately got into his police vehicle, followed the silver Toyota never losing sight of it, and watched as the Toyota pulled into a driveway of a residence and parked in the garage as the garage door started to close.

After parking his car in the driveway, Officer Abdo got out of his vehicle, "used [his] foot and hit the panic switch on the bottom of the garage door to get it to come back up," peered underneath the garage door, and observed appellant get out of the Toyota and run into the house. By the time Officer Abdo made it into the garage, appellant already had entered the house and locked the door behind him.  Officer Abdo unsuccessfully attempted to push the door open, and then broadcast the following description of appellant to other police officers:  "a white male, approximately [thirty-five] years old, with a ponytail, mullet haircut," wearing a white t-shirt and

dark-colored shorts.[1] Officer Abdo waited for other police officers to arrive, entered the home, and confirmed that appellant was not there.

Approximately fifteen minutes after Officer Abdo broadcast the description, Deputy Brian Rees ("Deputy Rees"), with the Fauquier County Sheriff's Office, found appellant, who matched the description, standing by a bridge directly behind the house smoking a cigarette. Deputy Rees detained appellant after appellant identified himself, placed him in handcuffs, and called Officer Abdo to come and identify appellant. While Deputy Rees did not see any alcoholic beverages, empty cans, or bottles near appellant when he detained appellant, Deputy Rees stated that appellant appeared to be uneasy on his feet and had the odor of alcohol coming from his breath. Deputy Rees did not ask appellant when he had consumed his last drink of alcohol.

Upon receiving notice that an individual matching the description was found, Officer Abdo immediately went to the bridge and identified appellant as the individual who had driven the silver Toyota. At that time, Officer Abdo noticed that appellant's eyes were very bloodshot, there was a strong odor of alcohol coming from appellant, appellant's speech was slightly slurred, and his body movements were slightly uncoordinated. Officer Abdo then took appellant back to the house.

On the way back to the house, appellant told Officer Abdo that "he just knew his license was suspended and that he had been drinking, that he was just going out for a pack of cigarettes and it was his girlfriend's birthday." Appellant also asked Officer Abdo to just take him to jail. When they arrived back at the house, another officer informed appellant of his Miranda rights after which appellant got upset that they had brought him back to the home and repeated, "Look,

---

[1] Although Officer Abdo was unable to remember the clothing description that he had broadcast when he testified at trial, Deputy Brian Rees testified that the description he received included that the individual was wearing a white t-shirt and dark-colored shorts.

I've been drinking. Just take me to jail because I have been drinking and I know it." Officer Abdo never asked appellant if he had consumed any alcohol during the fifteen minutes between appellant fleeing the house and Deputy Rees's discovery of him by the bridge, or when appellant had consumed his last drink. In addition, appellant never indicated that he had been drinking during the fifteen minutes after he ran from his car until he was detained by Deputy Rees.

While at the house, the police officers offered appellant a preliminary breath test, which appellant agreed to take. Based on the results of the preliminary breath test, the officers arrested appellant for driving while intoxicated. Appellant then performed a breathalyzer test at 9:34 p.m. that showed appellant had a blood alcohol content level of 0.23 grams per 210 liters of breath. The blood alcohol content certificate was admitted into evidence at trial with no objections.

At the conclusion of the evidence, the trial court found the evidence sufficient to prove that appellant was driving while under the influence of alcohol. The trial court specifically stated,

> [n]ow, counsel tries to say that there is a lot of time in between, and the [trial] court finds that, indeed, the time being -- that was testified by the officer was approximately [fifteen] minutes. It was also verified on the video, approximately [fifteen] minutes, . . . . But indeed, there was a short period of time. No evidence to support you were standing there drinking a beer. No evidence that you were drinking a beer as you left the house to go to the bridge, where you were caught. Just no evidence.
>
> But indeed, we have evidence that you had been drinking before. There was evidence of the odor of alcohol, that your speech was slightly impaired. I do[ ]n[o]t think that we can say anything other than beyond a reasonable doubt that indeed there was alcohol involved at that particular time. . . . So I do[ ]n[o]t think there is any question from the evidence presented here today for the [trial] court to say beyond a reasonable doubt that you are guilty . . . .

This appeal followed.

## II. STANDARD OF REVIEW

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Wood v. Commonwealth, 57 Va. App. 286, 296, 701 S.E.2d 810, 815 (2010) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). Under this standard, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

"This deferential standard of review 'applies not only to the historical facts themselves, but the inferences from those facts as well.'" Johnson v. Commonwealth, 53 Va. App. 79, 100, 669 S.E.2d 368, 378 (2008) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003)). "'The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact.'" Id. (quoting Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991)).

## III. ANALYSIS

On appeal, appellant contends that the trial court erred in denying his "motion to strike the evidence on the driving under the influence charge when the evidence failed to prove that [appellant] was under the influence of alcohol while having a blood alcohol concentration of 0.08 grams or more per 210 liters of breath, as indicated by chemical test, at the time the vehicle was driven." Appellant's Br. at 3-4. Specifically, appellant argues the following distinct issues on brief:

> [t]he first issue raised is whether the trial [court] erroneously relied upon a permissible inference that the blood alcohol level indicated in the result of the breathalyzer test was equivalent to the blood alcohol level of [appellant's] person at the time he was operating the vehicle, based upon the admission of the certificate of analysis, despite the fact that [appellant's] whereabouts [were] unaccounted

> for, for fifteen minutes prior to the observation of any indicia of intoxication. And, even if the permissible inference was initially accepted, did the Commonwealth's evidence itself, rebut such an inference.
>
> The second consideration is whether the trial [court] erroneously denied the appellant's motions to strike when the Commonwealth's evidence established that a period of fifteen minutes existed, during which the presence of [appellant's] person was not known to the police officers, and this being prior to any personal contact with law enforcement or observable indicia of intoxication, and without any information obtained subsequently regarding how much alcohol was consumed by [appellant] or when he last consumed any alcohol.

Appellant's Br. at 9-10. Appellant also contends that if this Court finds that the trial court erred in finding the evidence sufficient for the driving under the influence conviction, this Court should reduce his driving while his license was suspended or revoked conviction to a misdemeanor offense under Code § 46.2-391 since it was predicated on the trial court's determination that he was driving while under the influence.

The Commonwealth, however, asserts that appellant's argument that the Commonwealth failed to prove he had the equivalent of a 0.23% blood alcohol content level at the time he was driving (his first argument above) and appellant's argument that his conviction of driving on a suspended or revoked license should be reversed and reduced to a misdemeanor were not arguments encompassed within his assignment of error, and thus are procedurally barred pursuant to Rule 5A:12. The Commonwealth further contends that the evidence was sufficient because it established the time of the driving, established the blood alcohol content level based on the blood alcohol content certificate, and the trial court did not reject the permissible inference that appellant was under the influence of alcohol at the time he was driving based on the blood alcohol content certificate.

Appellant's first issue raised on brief is subsumed within his assignment of error challenging the sufficiency of the evidence of intoxication while driving. Accordingly, appellant's first issue was properly preserved and is addressed in the sufficiency analysis.

Sufficiency of the Evidence

Appellant argues that the trial court erred in finding the evidence sufficient to prove that he was intoxicated when he drove the car. Appellant bases his argument on the fifteen-minute lapse of time between the time he was observed behind the wheel and the time he was found and given a breathalyzer test. Appellant alleges that a reasonable hypothesis of innocence exists due to the lack of evidence of when alcohol was consumed, how much alcohol had been consumed prior to appellant driving the vehicle, and any events occurring during the unaccounted for fifteen minutes. In summary, appellant argues that "no rational trier of fact could rely on [the permissible] inference, based on the intervening fifteen-minute loss of the evidence, as well as the other mitigating evidence."

The evidence in the present case is sufficient to show that appellant was under the influence of alcohol at the time Deputy Rees found him. The question, however, is whether the evidence was sufficient to prove that appellant was under the influence of alcohol while he was driving.

Code § 18.2-266(i) provides, in pertinent part, "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person has a blood alcohol concentration of . . . 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article . . . ." "To obtain a conviction for driving under the influence pursuant to Code § 18.2-266(i), the Commonwealth must prove that the accused was operating a motor vehicle with a blood alcohol content of 0.08% or higher." Yap v. Commonwealth, 49 Va. App. 622, 631, 643 S.E.2d 523, 527 (2007). "[T]he '*as indicated* by a chemical test' language in this

Code section provides the basis for a [permissible inference] that the blood alcohol concentration while driving was the same as indicated by the results of the subsequent test." Davis v. Commonwealth, 8 Va. App. 291, 300, 381 S.E.2d 11, 16 (1989) (emphasis added); see Yap, 49 Va. App. at 633, 643 S.E.2d at 528 ("Code § 18.2-266 does not establish a mandatory presumption but allows only a permissive inference that the fact finder is free to reject.").

"[A] permissive inference is one that allows, but does not require, the fact finder to infer a possible conclusion from the facts proven, while placing no burden upon the accused." Yap, 49 Va. App. at 633, 643 S.E.2d at 527. The permissive inference does "not shift the burden of persuasion to appellant." Id. at 634, 643 S.E.2d at 528. "'Unless rebutted, however, the test results are sufficient to establish the blood alcohol concentration at the time of driving.'" Id. at 631, 643 S.E.2d at 527 (quoting Davis, 8 Va. App. at 300, 381 S.E.2d at 16).

The Supreme Court decisions in Bland v. City of Richmond, 190 Va. 42, 55 S.E.2d 289 (1949), Folkes v. Commonwealth, 194 Va. 676, 74 S.E.2d 683 (1953), and Coffey v. Commonwealth, 202 Va. 185, 116 S.E.2d 257 (1960), relied upon by appellant are inapplicable to the present case as there were no permissible inferences applicable at that time and based on the facts in the cases. See Jackson v. Roanoke, 210 Va. 659, 662-63, 173 S.E.2d 836, 838 (1970) (holding the three Supreme Court decisions inapplicable since "the prosecution did not have a [permissible inference] operating in its favor"). In all three cases, the Supreme Court reversed the defendants' convictions for driving under the influence of intoxicants since the Commonwealth had failed to present evidence that excluded, as a reasonable hypothesis, that the defendants became intoxicated after either getting in an accident or pulling over and parking their vehicles. Folkes, 194 Va. at 678, 74 S.E.2d at 684 (holding that "[p]roof of [defendant's] condition when the trooper arrived . . . is not proof of his condition when the accident happened, in the absence of any evidence as to the time that elapsed between the two events"); Bland, 190

Va. at 46, 55 S.E.2d at 290 (holding "the position of the defendant that the testimony does not exclude, as a reasonable hypothesis, that he drank intoxicating liquors between the time he left the car and the time he was picked up by [the police officer] is well taken"); Coffey, 202 Va. at 188, 116 S.E.2d at 259 (holding "[i]t is possible, or it may be probable, that the accused was under the influence of intoxicants at the time he was operating his pickup truck, but we are unable to find in the record evidence sufficient to warrant the conclusion that beyond a reasonable doubt he was in this condition at the time he was operating the motor vehicle").

In the present case, the evidence established when the appellant drove the car and his condition at that time. Officer Abdo identified appellant as the driver and sole occupant of the vehicle that stopped approximately thirty-five to forty-five yards away from the checkpoint, "reversed rapidly, squealing its tires backing in the gravel lot," and took off down the road. Officer Abdo then followed the car to a residence where he witnessed appellant jump out of the car and run into the house. Appellant then fled the house on foot. Deputy Rees apprehended appellant approximately fifteen minutes later at a bridge behind the home, and noticed that appellant was uneasy on his feet and had the odor of alcohol coming from his breath. Officer Abdo stated that when he saw appellant by the bridge, he noticed that there was a strong odor of alcohol coming from appellant, appellant's eyes were very bloodshot, his speech was slightly slurred, and his body movements were slightly uncoordinated.

Appellant informed Officer Abdo several times that night that he had been drinking, but never indicated to anyone that he had consumed any alcohol during the fifteen minutes after he fled the residence until Deputy Rees found him. Appellant submitted to a breathalyzer test at 9:34 p.m. that showed appellant had a blood alcohol content level of 0.23 grams per 210 liters of breath, which was admitted into evidence. Because the blood alcohol content certificate was admitted into evidence, the trial court could draw a permissible inference that appellant was

- 9 -

intoxicated at the time he drove the vehicle, since his blood alcohol content was greater than 0.08 grams. Code § 18.2-266(i).

While the trial court was free to reject the permissible inference based on the blood alcohol content certificate, it did not do so. In addition, appellant did not object to the admission of the blood alcohol content certificate. Further, contrary to appellant's assertion, the Commonwealth's own evidence does not rebut the permissible inference. Thus, from the totality of the circumstances in the record on appeal, we find that the trial court did not err in holding the evidence sufficient to find appellant guilty of driving under the influence, and the judgment of the trial court is therefore affirmed. Because we hold the evidence was sufficient to support appellant's driving under the influence conviction, we do not address appellant's contention that this Court should reverse and reduce his driving while his license was suspended or revoked conviction to a misdemeanor offense.

Affirmed.