COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

CHANDRELL LATRICE BUGG

v.     Record No. 0859-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JULY 5, 2022

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

(Michael B. Gunlicks; Gunlicks Law, L.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Counsel for Chandrell Latrice Bugg, appellant, filed a brief on her behalf accompanied by

a motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

A copy of that brief has been furnished to appellant with sufficient time for her to raise any

matter that she chooses. Appellant has not filed any *pro se* supplemental pleadings.[1] After

examining the briefs and record in this case, we affirm the trial court's judgment. We unanimously

hold that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On June 8, 2022, appellant filed a motion for a complete copy of this Court's file and a motion "requesting that trial counsel provide appellant with the case file so that appellant could file a supplemental brief." By order entered on March 25, 2022, we granted *pro se* appellant an extension of time until April 25, 2022 to file any supplemental brief she desired. No brief or request for a transcript or court documents to assist her in preparing a brief was filed by her within that time. Accordingly, her motion for additional records "so that [she] could file a supplemental brief" is denied.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Under a written plea agreement, appellant pled no contest to robbery and possession of a controlled substance. Before accepting appellant's pleas, the court conducted a thorough colloquy to ensure she understood the implications of pleading no contest and was doing so freely and voluntarily. Appellant had discussed the charges, their elements, possible defenses, and potential sentences with her attorneys.[2] After that discussion, appellant decided for herself to plead no contest. Appellant understood that the convictions would have consequences in addition to the sentences, the court was not required to follow the sentencing guidelines, and the Commonwealth had not agreed to a particular sentence. Appellant understood that by pleading no contest, she waived her rights to a trial by jury, not to incriminate herself, and to confront the witnesses against her. Appellant declined the opportunity to ask the court any questions. After the colloquy and reviewing the plea agreement, the court accepted appellant's pleas.

The Commonwealth proffered that appellant entered a convenience store in Richmond and told an employee, "Let me get all of the money out of the cash register. Come on baby, I don't want to have to use this gun." After appellant "repeated the threat to use a weapon," the employee opened the register and "pulled a ten dollar bill out." Appellant told him, "Give me all of that," but

---

[2] One attorney represented appellant for the robbery charges; another represented her for the possession of a controlled substance charges.

the employee "ran to the back of the store," and appellant "reached into the cash register and took approximately $75." On the charge of possession of a controlled substance, the Commonwealth proffered that during a search of appellant's person after her arrest on outstanding warrants, officers found two folded lottery tickets that contained heroin.

Based on appellant's pleas and the proffered evidence, the court convicted appellant of robbery and possession of a Schedule I or II controlled substance and deferred sentencing.[3] At the sentencing hearing, appellant's counsel moved to withdraw; the court granted the motion, appointed new counsel, and continued the case for sentencing.

Before the next sentencing hearing, appellant violated the conditions of her bond and was convicted of other charges. Although the Commonwealth offered to abide by appellant's existing sentencing agreement, she was "not amenable to that," leading the Commonwealth to withdraw its offer. Counsel for appellant represented that although appellant wanted him to move to allow her to withdraw her pleas, he did not want to "file a motion that is without merit." Appellant requested the court order a presentence report, which the court granted and continued the case for sentencing. At the next sentencing hearing, the trial court sentenced appellant to ten years' incarceration on the robbery conviction and two years on the possession of a controlled substance conviction.

ANALYSIS

A. Ineffective assistance of counsel

In her first two assignments of error, appellant contends that her attorneys provided ineffective assistance of counsel by (1) convincing her to plead no contest to the robbery charge despite the insufficiency of the evidence and (2) failing to move to withdraw her plea. "Claims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are

---

[3] Consistent with appellant's plea agreement, the court granted the Commonwealth's motion to *nolle prosequi* two additional charges.

- 3 -

not cognizable on direct appeal." *Lenz v. Commonwealth*, 261 Va. 451, 460 (2001) (citing *Johnson v. Commonwealth*, 259 Va. 654, 675 (2000)). Thus, we do not consider appellant's assertions regarding counsel.

### B. Competency evaluation

Appellant argues the trial court abused its discretion by "not ordering a Competency evaluation" under Code § 19.2-169.1 during her sentencing hearing. She contends that, at the July 22, 2021 sentencing hearing, her counsel "referenced [appellant's] mental health problems such as bipolar disorder, schizophrenia, and apparent trouble of understanding." Thus, appellant contends, she "rais[ed] probable cause to believe that [appellant] lacked the capacity to understand the proceedings and assist in counsel in her own defense."

The record on appeal does not contain a timely-filed transcript or written statement of facts in lieu of a transcript from the July 22, 2021 sentencing hearing. *See* Rule 5A:8(a) and (c). "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))).

Here, appellant's argument relies heavily on statements and assertions appellant made during her sentencing hearing. Without a transcript or written statement of facts in lieu of a transcript from that hearing, we are unable to assess appellant's argument. Accordingly, after reviewing the record and the opening brief, we conclude that a timely-filed transcript or written

statement of facts in lieu of a transcript of the July 22, 2021 hearing is indispensable to a determination of appellant's third assignment of error. *See Smith*, 32 Va. App. at 772; *Turner*, 2 Va. App. at 99-100. Appellant failed to ensure that the record contains a transcript or written statement of facts in lieu of a transcript necessary to permit us to resolve the issue she presents in her third assignment of error. Rule 5A:8(b)(4)(ii).

## C. Ends of justice

Appellant's fourth assignment of error reads: "Ends of Justice exception on the basis that a miscarriage of justice occurred in this matter."

"An assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal. Assignments of error are the *core* of the appeal." *Forest Lakes Cmty. Ass'n v. United Land Corp. of Am.*, 293 Va. 113, 122 (2017). "With the assignment of error, an appellant should 'lay his finger' on the alleged misjudgment of the court below." *Stoltz v. Commonwealth*, 297 Va. 529, 534 (2019) (quoting *Forest Lakes Cmty. Ass'n*, 293 Va. at 122). "In this way, '[a] properly aimed assignment of error must "point out" the targeted error and not simply take "a shot into the flock" of issues that cluster around the litigation.'" *Id.* (quoting *Forest Lakes Cmty. Ass'n*, 293 Va. at 123). Thus, this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." *Yap v. Commonwealth*, 49 Va. App. 622, 629 (2007) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56 (1992)). Appellant's fourth assignment of error does not identify a particular error committed by the trial court; nor does her argument advance any reason why the ends of justice exception applies. Thus, we do not consider her assignment of error. *See Chesapeake Hosp. Auth. v. Commonwealth*, 262 Va. 551, 557 n.2 (2001) (finding an assignment of error was inadequate where "[n]o one reading the . . . assignment of error could possibly know" the nature of the argument actually raised); *Puckett v. Commonwealth*, 134 Va. 574, 580 (1922) (holding

that an assignment of error which does not "point[] out the specific errors complained of, does not amount to any assignment of error at all").

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Chandrell Latrice Bugg is now proceeding without the assistance of counsel in this matter and is representing herself on any further proceedings or appeal.

*Affirmed*.